# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| ROBERT CARRADINE,<br><br>                    Plaintiff,<br><br>v.<br><br>CITY OF RACINE, RACINE POLICE DEPARTMENT, CALENDONIA POLICE DEPARTMENT, and RACINE SHERIFF'S OFFICE,<br><br>                    Defendants. | Case No. 24-CV-861-JPS<br><br>**ORDER** |

## 1.      INTRODUCTION

On July 10, 2024, Plaintiff Robert Carradine ("Plaintiff"), proceeding pro se, filed this action, naming as Defendants the City of Racine, the Racine Police Department, the Caledonia Police Department, and the Racine Sheriff's Office. ECF No. 1. He also filed a motion for leave to proceed without prepaying the filing fee. ECF No. 2. This Order screens Plaintiff's complaint and, finding that it presents significant pleading deficiencies, grants Plaintiff leave to file an amended complaint that corrects those deficiencies. Accordingly, the Court defers ruling on Plaintiff's motion for leave to proceed without prepaying of the filing fee. If Plaintiff does not file an amended complaint by the below-stated deadline, the Court will proceed with screening his original complaint. If he files an amended complaint that remains deficient, the Court will dismiss this case without prejudice and deny as moot Plaintiff's motion for leave to proceed without prepayment of the filing fee.

## 2. MOTION TO PROCEED IN FORMA PAUPERIS

A party proceeding pro se may submit to the court a request to proceed without prepaying the otherwise required filing fees, otherwise known as a motion to proceed in forma pauperis.[1] "The federal in forma pauperis statute, 28 U.S.C. § 1915, is designed to ensure indigent litigants have meaningful access to the federal courts while at the same time prevent indigent litigants from filing frivolous, malicious, or repetitive lawsuits." *Rodriguez v. Crim. Just. Facility Safety Bldg.*, No. 23-CV-394, 2023 WL 3467565, at *1 (E.D. Wis. Apr. 7, 2023) (citing *Nietzke v. Williams*, 490 U.S. 319, 324 (1989)), *report and recommendation adopted sub nom. Rodriguez v. Crim. Just. Facility*, No. 23-CV-394-PP, 2023 WL 3467507 (E.D. Wis. May 15, 2023).

To determine whether it may authorize a litigant to proceed in forma pauperis, the Court engages in a two-part inquiry. It must examine whether the litigant is able to pay the costs of commencing the action. 28 U.S.C. § 1915(a). The Court must also examine whether the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief"; if any of these criteria applies, the Court "shall dismiss the case." 28 U.S.C. § 1915(e)(2)(B)(i)–(iii). Likewise, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

---

[1] Although 28 U.S.C. § 1915(a) specifically references "prisoner" litigants, it has been interpreted as providing authority for such requests by both prisoner and non-prisoner *pro se* litigants alike. *Floyd v. U.S. Postal Serv.*, 105 F.3d 274, 275–76 (6th Cir. 1997) (superseded by rule on other, inapplicable grounds); *see also Mitchell v. Farcass*, 112 F.3d 1483, 1491 n.1 (11th Cir. 1997) ("Section 1915(e) applies to all [in forma pauperis] litigants—prisoners who pay fees on an installment basis, prisoners who pay nothing, and nonprisoners in both categories.") (Lay, J., concurring).

It follows that a litigant whose complaint does not meet the criteria in 28 U.S.C. § 1915(e)(2) or does not plead claims within the Court's subject matter jurisdiction, and whose case cannot proceed as a result, necessarily cannot reap the benefits of proceeding in forma pauperis. In other words, although in forma pauperis status ought to be granted to those impoverished litigants "who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them," *Brewster v. N. Am. Van Lines, Inc*. 461, F.2d 649, 651 (7th Cir. 1972), a pro se litigant's financial status is only part of the picture in determining whether the litigant's case may proceed without payment of the filing fee.

For the reasons stated in the next section, it is not yet clear whether Plaintiff's complaint meets the 28 U.S.C. § 1915(e)(2) criteria. Accordingly, the Court will not yet consider whether Plaintiff's financial circumstances entitle him to proceed in forma pauperis until it has had a reasonable opportunity to assess whether Plaintiff can amend his complaint such that it meets the § 1915(e)(2) criteria.

3.      **SCREENING THE COMPLAINT**

    3.1     **Legal Standard**

As noted above, when a pro se litigant seeks to proceed in forma pauperis, the Court must screen the litigant's complaint prior to service on defendants. The Court "shall dismiss the case" if it finds any of the following: the action is frivolous or malicious, the complaint fails to state a claim upon which relief may be granted, or the complaint seeks monetary relief against a defendant who is immune from such relief, 28 U.S.C. § 1915(e)(2); or the case is outside of the Court's subject matter jurisdiction, Fed. R. Civ. P. 12(h).

A claim is legally frivolous when it "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke,*

490 U.S. at 325); *see also Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997) (quoting *Neitzke*, 490 U.S. at 325). The Court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

To state a claim, a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In other words, the complaint must give "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The allegations must "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level." *Kubiak v. City of Chicago*, 810 F.3d 476, 480 (7th Cir. 2016) (quoting *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)). Plausibility requires "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

In reviewing the complaint, the Court is required to "accept as true all of the well-pleaded facts in the complaint and draw all reasonable inferences in favor of the plaintiff." *Kubiak*, 810 F.3d at 480–81 (citing *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008)). However, the Court "need not accept as true 'legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (quoting *Ashcroft*, 556 U.S. at 678) (internal bracketing omitted). A court is obligated to give pro se litigants' allegations a liberal construction. *Kelsay v. Milwaukee Area Tech. Coll.*, 825 F. Supp. 215, 217 (E.D. Wis. 1993) (citing *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972)). Pro se complaints are held to "less stringent standards than formal

pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

### 3.2 Plaintiff's Factual Allegations

Plaintiff avers that he is a licensed hemp cultivator with a valid hemp license from the United States Department of Agriculture ("USDA"). ECF No. 1 at 2. On April 26, 2024, he made an "inquiry" about hemp cultivation laws in Wisconsin. *Id.* at 1–2. He does not say to whom he made this inquiry. Officers from the Caledonia and Racine Police Departments then showed up at his home. *Id.* at 2. Plaintiff does not say how many officers came to his home. Plaintiff presented his USDA hemp license to them and "attempted to engage in a dialogue about the legality of hemp cultivation." *Id.*

One officer, "identified by badge number Da1263 responded aggressively, asserting that cannabis was illegal in Wisconsin." *Id.* The situation escalated and the officers detained Plaintiff. *See id.* (referencing the officers' "physical restraint" of Plaintiff). Plaintiff avers that he was cooperative and compliant but that the officers met him with "mistreatment, including physical restraint, threats of violence, and racial slurs." *Id.* Plaintiff does not go into detail about how he was physically restrained, such as whether he was handcuffed, or the nature of the threats of violence, such as whether officers drew guns on him, made verbal statements, etc. Plaintiff states that the "arresting officer" (it is not clear if this was the officer with badge number Da1263) treated him with particular animosity, including using a racial slur and spitting in Plaintiff's face; Plaintiff suggests that this was because he had a "prior altercation" with the arresting officer when the two were in middle school together. *Id.*

Plaintiff was booked into jail. *See id.* He does not say where, but based on his naming of the Racine County Sheriff's Office as a defendant, the Court surmises he was booked at the Racine County Jail. While

detained, Plaintiff was subjected to "mistreatment, including forced disrobing and consumption of contaminated water." *Id.* He does not state when these instances of mistreatment occurred, how often if more than once, or which or how many correctional officers were involved.

Plaintiff does not state how long he was detained or when he was released; based on the address he used to file this lawsuit, he does not appear to be currently confined. Plaintiff does not state whether he was ever charged with any crime or civil offense based on the foregoing interaction with police. A check of state court records reveals no pending cases against Plaintiff.[2]

Plaintiff states that he proceeds under the Fourth and Fourteenth Amendments' protections against unlawful search and seizure and excessive force and guarantees of equal protection and due process. *Id.* He also raises state law claims for assault, battery, false imprisonment, intentional infliction of emotional distress, negligence, and kidnapping. For relief, he seeks $20 million and punitive damages. *Id.*

### 3.3   Analysis

Plaintiff's factual allegations are relatively straightforward, but he raises a wide array of legal claims based on them. Plaintiff raises, and/or the Court discerns, the following legal claims in the complaint:

- A Fourth Amendment claim for arrest without probable cause;

---

[2]The Court may take judicial notice of public records, including state court records. *See Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994). Plaintiff does have an active civil case in which he sued the City and County of Racine in April 2024. See Robert Carradine v. City of Racine et al., Racine County Circuit Court Case No. 2024CV000584, *available at* https://wcca.wicourts.gov/caseDetail.html?caseNo=2024CV000584&countyNo=51&index=0. It is unclear if that case arises from the same facts Plaintiff has alleged in this case. If his state case does mirror this federal case, Plaintiff should pick one forum to proceed in and voluntarily dismiss the other action.

- A Fourth Amendment claim for excessive force during the arrest;

- A Fourth Amendment claim for "forced disrobing" during confinement;

- A Fourth Amendment claim for being deprived of water during confinement;

- A Fourteenth Amendment Equal Protection claim; and

- State law claims for assault, battery, false imprisonment, intentional infliction of emotional distress, negligence, and kidnapping.

But before determining what, if any, claims Plaintiff may proceed on, the Court must direct Plaintiff to fix three fundamental issues with his complaint.

It appears that Plaintiff has improperly joined "[u]nrelated claims against different defendants" by raising in the same lawsuit allegations related to his seizure by law enforcement and to the conditions of his confinement. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff understands his seizure and confinement as a single chain of events that occurred in close proximity to one another. Viewed this way, it makes some sense that he believes that all of these occurrences might be addressed in a single lawsuit. But the analysis is fact-driven, rather than time- or setting-driven. While "multiple claims against a single party are fine, . . . Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *Id.*; *see also, e.g.*, *Strominger v. Brock*, 592 F. App'x 508, 512 (7th Cir. 2014) (affirming dismissal Eighth Amendment medical indifference claim as improperly joined with claims related to wheelchair accommodations within the jail). The reasons for this limitation on joining unrelated claims in the same lawsuit are to ensure that lawsuits are administrable, and in cases where a plaintiff proceeds under the Prison Litigation Reform Act, "to ensure that prisoners pay the required filing

fees" and abide by the other rules in that statute. *George*, 507 F.3d at 607 (citing 28 U.S.C. § 1915(g)).

As it stands, Plaintiff's complaint does not explain how his seizure by Racine and Caledonia police officers relates to the alleged constitutional violations he experienced while confined pursuant to that seizure. Having been in jail pursuant to an allegedly unlawful arrest when the conditions of confinement claims occurred does not adequately link the two distinct sets of facts. Something more is required to demonstrate a connection—for example, the participation of common officers, or other common facts. If Plaintiff cannot demonstrate a factual connection between his arrest-related claims and his confinement-related claims, then those claims cannot proceed together in a single lawsuit.

Plaintiff will be given an opportunity to amend his complaint to fix the issue of joinder of apparently unrelated claims. He may **either** file an amended complaint that alleges that all of the events—his seizure and his confinement—are factually related, **or** he may file an amended complaint that **omits** one set of facts and claims (either his Fourth Amendment arrest-related claims, or his Fourth Amendment confinement-related claims). If Plaintiff files an amended complaint omitting one of the sets of facts and claims, those omitted claims will stand dismissed without prejudice. This means that Plaintiff may raise those omitted claims in a separate lawsuit.[3]

Another problem with the complaint as written is that Plaintiff has named only municipal entities or subsidiaries—the City of Racine, its police department, the Caledonia Police Department, and the Racine County Sheriff's Office—as defendants. Section 1983 allows a plaintiff to sue a

---

[3]If Plaintiff does not file any amended complaint, the Court will screen his Fourth Amendment arrest-related claims only and dismiss his Fourth Amendment confinement-related claims without prejudice.

"person" who violates his constitutional rights under color of state law. Municipalities or local government units can be considered "persons" and sued under § 1983 only when the plaintiff alleges that his constitutional rights were violated pursuant to a custom or policy of the municipality. *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658 (1978).[4]

Plaintiff has not alleged that any of the officers involved in his seizure and confinement were acting pursuant to any municipal custom or policy. Indeed, his grievances seem to be with the conduct of the individual officers involved in his seizure and confinement. It is possible that he is naming only municipal entities as defendants because he does not know the identities of the officers involved in his allegations. Plaintiff may attempt to fix this issue in an amended complaint by doing the following.

First, the amended complaint should identify, and name as defendants, the officers who were involved in allegedly violating his rights. If Plaintiff does not know the officers' names or identifying details, he may describe them as John/Jane Doe defendants (for example, identifying the officer by badge number, as Plaintiff did for one officer in his complaint, or as "Caledonia Police Officer Jane Doe 1," "Racine County Jail Correctional Officer John Doe 1," etc.). If his case proceeds past screening, he will later be able to use discovery to determine the identities of any Doe defendants. Second, if Plaintiff wishes to pursue *Monell* claims against the City of Racine, the Village of Caledonia, and/or the County of Racine, he must make allegations in the amended complaint demonstrating what municipal

---

[4]Additionally, jails, police departments, and sheriff's offices are not legal entities separate from the city or county government they serve, and are not proper defendants for a *Monell* claim. *See Miranda v. Milwaukee Cnty. Jail Facility*, No. 19-C-582, 2019 WL 2359396, at *2 (E.D. Wis. June 4, 2019) (citing *Whiting v. Marathon Cnty. Sheriff's Dep't*, 382 F.3d 700, 704 (7th Cir. 2004)); *Best v. City of Portland*, 554 F.3d 698, 698 (7th Cir. 2009) (see footnote after asterisk); *Kudla v. City of Hammond*, Case No. 18-cv-419, 2019 WL 4297591, at *3 (N.D. Ind. Sept. 11, 2019).

custom or policy caused the constitutional violations he alleges. (He may not name police departments as defendants. *See supra* note 4.) If he does not wish to pursue *Monell* claims, he should omit these municipal entities as defendants and proceed only against the individual officer defendants that he identifies.

A third and final problem with Plaintiff's complaint is that he purports to raise an Equal Protection claim. But the complaint lacks allegations that Plaintiff was treated differently than "others similarly situated" and that there was "no rational basis for the difference in treatment." *Reget v. City of La Crosse*, 595 F.3d 691, 695 (7th Cir. 2010) (citing *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) and *Srail v. Village of Lisle*, 588 F.3d 940, 943 (7th Cir. 2009)). If Plaintiff intends to proceed with an Equal Protection claim in his amended complaint, he must include allegations relevant to these elements of such a claim.

The Court has noted above in Section 3.2 several other areas in which the complaint is lacking detail; Plaintiff may address any and all of those in an amended complaint as well.

**4. CONCLUSION**

For the reasons stated above, the Court will give Plaintiff leave to file an amended complaint that addresses the deficiencies explained above. Any amended complaint must be filed on or before **August 21, 2024**. The Court is enclosing a copy of its amended complaint form and instructions.

Plaintiff's amended complaint does not need to be long or contain legal language or citations to statutes or cases, but it does need to provide the Court and any defendants with notice of what the defendants allegedly did or did not do to violate his rights.

Plaintiff is advised that the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint."

Page 10 of 12
Case 2:24-cv-00861-JPS   Filed 07/31/24   Page 10 of 12   Document 5

The amended complaint supersedes the prior complaint and must be complete in itself without reference to the original complaint. *Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1057 (7th Cir. 1998) (citing *Wellness Cmty.-Nat'l v. Wellness House*, 70 F.3d 46, 49 (7th Cir. 1995)). In such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading." *Id.* (quoting *Fuhrer v. Fuhrer*, 292 F.2d 140, 144 (7th Cir. 1961)). In other words, any amended complaint must include all of the allegations and claims (including those from the original complaint, subject to the Court's instruction on proper joinder of claims and defendants) that Plaintiff wishes to make, in a single filing without reference to other documents.

If an amended complaint is received, it will become the operative complaint in this action, and the Court will screen it in accordance with 28 U.S.C. § 1915. If Plaintiff does not file an amended complaint by this deadline, the Court will proceed with screening his original complaint. If he files an amended complaint that remains deficient, the Court will dismiss this case without prejudice and deny as moot Plaintiff's motion for leave to proceed without prepayment of the filing fee.

Accordingly,

**IT IS ORDERED** that on or before **August 21, 2024**, Plaintiff shall submit an amended complaint using the provided form and in accordance with the instructions provided herein; and

**IT IS FURTHER ORDERED** that the Clerk's Office mail Plaintiff a blank non-prisoner amended complaint form along with this Order.

Dated at Milwaukee, Wisconsin, this 31st day of July, 2024.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

---

Plaintiff will be required to submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

**DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS**. If mail is received directly to the Court's chambers, **IT WILL BE RETURNED TO SENDER AND WILL NOT BE FILED IN THE CASE**.

Plaintiff is further advised that failure to timely file any brief, motion, response, or reply may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. **IF PLAINTIFF FAILS TO PROVIDE AN UPDATED ADDRESS TO THE COURT AND MAIL IS RETURNED TO THE COURT AS UNDELIVERABLE, THE COURT WILL DISMISS THIS ACTION WITHOUT PREJUDICE**.